# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA M.,[1]<br><br>        Plaintiff,<br><br>    v.<br><br>ANDREW SAUL, Commissioner of Social Security,[2]<br><br>        Defendant. | Case No. 5:18-cv-01146-AFM<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER** |

Plaintiff seeks review of the Commissioner's final decision denying her application for Social Security disability insurance benefits and supplemental security income. In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the merits of the disputed issues. This matter is now ready for decision.

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Andrew Saul is now the Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

## BACKGROUND

On September 25, 2014, Plaintiff applied for disability insurance benefits and supplemental security income, alleging disability since June 14, 2012. Plaintiff's claims were denied initially and on reconsideration. (Administrative Record ("AR") 164-169, 170-176.) A hearing was held before an Administrative Law Judge ("ALJ") on November 28, 2016, at which Plaintiff, her attorney, and a vocational expert ("VE") were present. (AR 75-120.) The ALJ issued a decision on April 26, 2017, finding that Plaintiff suffered from the severe impairment of degenerative disc disease of the lumbar spine. (AR 28.) The ALJ determined that Plaintiff retained the RFC to perform light work with the following limitations: Plaintiff could occasionally lift and/or carry 25 pounds and frequently lift and/or carry 10 pounds; sit for 6 hours in an 8-hour workday with customary breaks; stand for 3 hours in an 8-hour workday, but not longer than 45 minutes at one time with the need to sit one to two minutes while remaining on task; walk 2 hours in an 8-hour workday but no longer than 30 minutes at one time with the need to sit one to two minutes but still working; occasionally climb ramps and stairs with bannisters; occasionally kneel, crouch, and stoop, but not repetitively; never climb ladders, ropes, scaffolds, crawl, be around heavy vibratory machinery or dangerous equipment, unprotected heights, extreme cold, or uneven terrain. (AR 29.) Relying on the testimony of the VE, the ALJ concluded that Plaintiff was able to perform her past relevant work as an order clerk. (AR 33.) Accordingly, the ALJ determined that Plaintiff was not disabled from June 4, 2012 through the date of the decision. (AR 33-34.) The Appeals Council denied review, thereby rendering the ALJ's decision the final decision of the Commissioner. (AR 1-7.)

## DISPUTED ISSUES

1. Whether Plaintiff waived her right to challenge ALJ's determination regarding her past relevant work.

2. Whether the ALJ erred in finding Plaintiff's past relevant work was an "order clerk."

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, [the court] may not substitute [its] judgment for that of the ALJ."). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate non-disability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006)); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**DISCUSSION**

**1. Claimed Waiver of Plaintiff's Challenge to ALJ's Past Relevant Work Finding**

The Commissioner argues that Plaintiff waived her step four arguments by failing to raise them at the hearing while being represented by counsel. (ECF No. 31 at 3) (citing *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999); *Shaibi v. Berryhill*,

870 F.3d 874, 881-82 (9th Cir. 2017), *amended* 883 F.3d 1102 (9th Cir. 2018)). In *Meanel*, the plaintiff attempted to present new evidence regarding statistics on job numbers that her counsel failed to raise at the administrative hearing. 172 F.3d at 1115. The Ninth Circuit ruled that claimants, "must raise issues at their administrative hearings in order to preserve them on appeal." *Id*. However, in a later case, the Ninth Circuit held that, if an argument raised for the first time on appeal is a pure question of law and the Commissioner would not be unfairly prejudiced by the plaintiff's failure to raise the issue below, it may nevertheless be considered by the court. *Silveira v. Apfel*, 204 F.3d 1257 n.8 (9th Cir. 2000). Following the Supreme Court's decision in *Sims v. Apfel*, 530 U.S. 103, 112 (2000), the Ninth Circuit reaffirmed its holding in *Meanel*: "when a claimant fails entirely to challenge a vocational expert's job numbers during administrative proceedings before the agency, the claimant forfeits such a challenge on appeal, at least when that claimant is represented by counsel." *Shaibi*, 883 F.3d at 1109. Nevertheless, the Court of Appeals went on to exclude from waiver any apparent conflict between a VE's testimony and the DOT, i.e., where new evidence is not presented for the first time on appeal: "an ALJ is required to investigate and resolve any apparent conflict between the VE's testimony and the DOT, regardless of whether a claimant raises the conflict before the agency." *Id*; *see also* SSR 00-4p, 2000 WL 1898704 (S.S.A. Dec. 4, 2000); *Lamear v. Berryhill*, 865 F.3d 1201, 1206-07 (9th Cir. 2017).

Plaintiff contends that she did not waive her step four argument because she is not presenting new evidence and instead challenging the VE's testimony and the DOT classification. (ECF No. 32 at 2-3.) Plaintiff asserts error in the ALJ's reliance on the VE's testimony that her past relevant work was that of an order clerk, based on a DOT description that (she argues) does not match her actual job duties. (ECF No. 18 at 10.) Given the distinction in *Shaibi* between bringing in new evidence of job numbers and challenging an ALJ's duty to resolve any conflicts between the VE's testimony and the DOT and given that Plaintiff is not relying on new evidence, the

4

Court finds that Plaintiff did not waive her argument and may raise it here. *See Yang v. Berryhill*, 2017 WL 5878203, at *3 (E.D. Cal. Nov. 29, 2017) (holding Plaintiff "need not raise a conflict between the VE's testimony and the DOT regarding functional requirements of job duties (as opposed to only challenging the number of jobs) before the ALJ to preserve the issue"); *see also Milne v. Berryhill*, 2018 WL 3197749, at *5-7 (C.D. Cal. June 27, 2018) (same); *Skinner v. Berryhill*, 2018 WL 1631275, n.9 (C.D. Cal. Apr. 2, 2018) (no waiver where plaintiff was challenging the availability of the occupation itself).

**2. The ALJ's Finding Regarding Past Relevant Work**

Plaintiff contends that the ALJ erred in the step four determination by finding that Plaintiff's past relevant work was that of an order clerk.

**a. Relevant Law**

At step four, the claimant bears the burden of showing that she is no longer able to perform her past relevant work. 20 C.F.R. § 404.1520(e); *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). If a claimant can perform such work, she is not disabled. *Id*. Past relevant work is defined as work that the claimant has "done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560. Substantial gainful activity ("SGA") is work that (a) involves doing significant physical or mental activities and (b) is done for pay or profit. 20 C.F.R § 404.1572. The primary factor in determining whether work constitutes as SGA is earnings. 20 C.F.R. § 404.1574(a)(1). If the claimant earned less than the agency's prescribed amount, there is a presumption that she did not engage in SGA. *Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001).

Although the burden of proof rests on the claimant in step four, an ALJ must make specific factual findings to support her conclusions. *Pinto*, 249 F.3d at 845. This is done by looking at the "residual functional capacity and the physical and mental demands" of the claimant's past relevant work. 20 C.F.R. § 404.1520(e). While the claimant is "the primary source for vocational documentation," the ALJ

5

may utilize a VE or other resources such as the Dictionary of Occupational Titles ("DOT") to assist in this determination. 20 C.F.R. § 404.1560(b)(2). In relying on VE testimony about claimant's past work, the ALJ has an "affirmative responsibility to ask about any possible conflict between the VE evidence and information provided in the DOT." SSR 00-4p, 2000 WL 1898704 (S.S.A. Dec. 4, 2000); *Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007).

### b. Analysis

The ALJ found that Plaintiff could perform her past work as an order clerk, as described in the DOT. Plaintiff challenges the ALJ's SGA determination and contends that a conflict between the VE's testimony and the DOT should have been resolved by the ALJ. The Commissioner relies upon wages in 2002 and 2013 to meet the SGA requirement for past relevant work and contends that there was no error in the ALJ's finding of past relevant work.

### i. 2013

For 2013, Plaintiff argues that she did not meet the requisite SGA amount. The Commissioner responds that Plaintiff met the requisite SGA amount for 2013 when she made $8311. The SGA amount for 2013 was $1040 per month. *See Substantial Gainful Activity*, Social Security Administration, (2019), https://www.ssa.gov/oact/cola/sga.html. According to the Commissioner, Plaintiff testified that she worked three months in 2013 − in September, October and possibly November − earning well above the SGA amount. (ECF No. 31 at 5.)

During the hearing, the ALJ questioned Plaintiff regarding when she stopped working. (AR 82-84.) At one point, the ALJ asked Plaintiff if she worked for all 12 months in 2013, and Plaintiff responded that she did not know. (AR 83-84.) The ALJ then continued questioning Plaintiff about when she stopped working, asking "… do you remember selling things around Christmas or did you stop before then like in September or --." (AR 84.) Plaintiff responded, "I think it was before. I think around November, October." (AR 84.) The ALJ then asked, "Okay. So maybe the end of

September, beginning of October?" (AR 84.) And Plaintiff responded "Yes, ma'am." (AR 84.)

At no point during this line of questioning did Plaintiff state that she had worked only two to three months in 2013. (AR 82-84.) Instead, Plaintiff answered the ALJ's question regarding when she stopped working by stating that she thought it was around November or October. (AR 84.) Thus, the record is unclear as to how many months Plaintiff worked in 2013. If Plaintiff worked eight months out of the year or more (averaging $1038 per month or less), she could not have met the SGA amount for 2013. The Commissioner's contention that claimant worked only three months in 2013 is not supported by substantial evidence. At most, the record regarding 2013 contains insufficient or ambiguous information that the ALJ should have resolved – but did not. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (holding that an ALJ has a duty to fully and fairly develop the record where the evidence is ambiguous); *see also Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015) ("ALJ's failure to resolve an apparent inconsistency may leave us with a gap in the record that precludes us from determining whether the ALJ's decision is supported by substantial evidence."). Accordingly, the Court concludes that the record does not support a finding that Plaintiff had SGA for 2013.

### ii. 2002

For 2002, Plaintiff concedes that she met the requisite SGA amount, but she argues that the ALJ failed to resolve a conflict between the DOT description of order clerk and the VE testimony confirming this as her past relevant work. Specifically, Plaintiff argues that her work in 2002 included door-to-door sales to find new customers, which is not included in the duties of an order clerk under the DOT.

In her opening brief, Plaintiff argued that the record was unclear whether she walked door-to-door as a sales representative in 2002. (ECF No. 18 at 8 ("The record is unclear whether [Plaintiff] walked door-to-door in 2002 . . . ").) In her reply, however, Plaintiff claimed that she did in fact do door-to-door sales in 2002, thus

| | |
|---|---|
| 1 | precluding a finding of order clerk. (ECF No. 32 at 4 ("In 2002, [Plaintiff] did not |
| 2 | work as an order clerk, she walked door-to-door as well as taking orders.")).) The ALJ |
| 3 | directly addressed this issue with the VE and with Plaintiff at the hearing. Plaintiff's |
| 4 | testimony supports the conclusion that Plaintiff was servicing existing customers |
| 5 | over the past 15 years and that she was not involved in door-to-door sales for new |
| 6 | customers in this period: |

> [ALJ]: Okay. How about when she was just doing the deliveries of the products for the Natural Products? ***She said for the last two years, she had clients and she didn't actually sell them so much as she was delivering the products they ordered through her***.
>
> [VE]: Right. Well that would still be an element of sales but they were returning customers, but –
>
> [ALJ]: ***But what I guess I'm wondering is, is it still door-to-door sales?*** It's not telemarketing anymore, is it?
>
> [VE]: ***No, it would fall more along the lines of – well, it would be because it's a sales job, an element whether she's actively selling or maintaining the relationships of those return customers, that's the element of sales, but she may have been more heavily performing duties that were consistent with an order clerk, if they were return customers…. So that would be taking orders and processing the orders.***
>
> [ALJ]: Is that what you ended up doing the last couple of years?
>
> [Plaintiff]: Yes, ma'am.
>
> [ALJ]: Is your clients would call you and you would process their order?
>
> [Plaintiff]: Yeah, sometimes they will call me and sometimes I will tell them, you know, I have this and this that I bought and then they will come. Sometimes they would come to me and sometimes I will go, as I said mostly family and friends as I said.

8

| | |
|---|---|
| 1 | [ALJ]: *When did you start primarily not having to go out and find* |
| 2 | *customers?* |
| 3 | [Plaintiff]: *That was like – maybe around 2000 – around 2000 – yeah,* |
| 4 | *maybe around 2002, around there, because I had done it before, you* |
| 5 | *know.* |
| 6 | [ALJ]: *Oh. So basically the last 15 years, you've just been servicing* |
| 7 | *your existing customers?* |
| 8 | [Plaintiff]: *Yes*. |
| 9 | [VE]: Oh, okay. Okay. I would modify that then, Your Honor. *That* |
| 10 | *would most appropriately fall under customer service order clerk.* |
| 11 | [ALJ]: Okay |
| 12 | [VE]: *So that is code 249.362-026*, and that's generally sedentary, SVP |
| 13 | 4. |

(AR 114-116) (emphasis added).

The DOT listing for order clerk describes the primary duties as "Process[ing] orders for material or merchandise received by mail, telephone, or personally." *Dictionary of Occupational Titles,* U.S. Dep't of Labor, No. 249.362-026. Plaintiff's testimony above confirms that for the past 15 years,[3] she processed and filled orders for existing customers − rather than doing door-to-door sales looking for new customers. (AR 115-116.) Thus, Plaintiff's account of her work corresponds with the DOT description − as the VE testified in response to the ALJ's questions. (*Id.*) The ALJ thus met her duty under SSR 00-4p to inquire about and obtain a reasonable explanation from the VE relating to a possible conflict with the DOT.

At step four, the ALJ is required to determine the demands of the claimant's former work and to compare those demands with her RFC. 20 C.F.R. § 404.1520(e).

---

[3] The administrative hearing took place on November 28, 2016, and the year 2002 is within the 15-year period before the hearing.

9

The ALJ fulfilled that obligation here by thoroughly questioning both the Plaintiff and the VE regarding Plaintiff's former job duties and by making a finding of past relevant work that is supported by substantial evidence. (AR 109-120.) *See Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) (holding Plaintiff's testimony regarding past relevant job duties to be highly probative.); *Abreu v. Astrue,* 303 F. App'x 556, 558-59 (9th Cir. 2008) (claimant's "testimony itself provides substantial evidence to support the ALJ's conclusion that [claimant] could perform his past relevant work as a customer service representative."); *Giordano v. Astrue*, 304 F. App'x 507, 509 (9th Cir. 2008) ("It was . . . reasonable for the ALJ to conclude that [the claimant] could return to her past relevant work, given that [the claimant's] own description of her past jobs accommodated all of the limitations."). Even if evidence in the record could support a different conclusion regarding Plaintiff's past relevant work, under the "substantial evidence" standard it is not the Court's role to reweigh evidence. *See Orn*, 495 F.3d at 630. The Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. That is the case here.

For these reasons, the ALJ's decision is supported by substantial evidence, and the ALJ did not err in finding that Plaintiff's past relevant work was that of an order clerk.[4]

**************

///

///

---

[4] Although the Commissioner has not shown that Plaintiff met the requisite SGA amount in 2013, any error by the ALJ in this regard was harmless because substantial evidence shows that Plaintiff did meet the SGA amount in 2002 − which is within the relevant 15 year time period. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (where one or more reasons supporting ALJ's credibility analysis are invalid, error is harmless if ALJ provided other valid reasons supported by the record); *Stout*, 454 F.3d at 1055 (harmless error existed when ALJ error was "inconsequential to the ultimate nondisability determination").

Accordingly, IT IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: 8/2/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE